UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. |
| RICHARD D. HOLLIS, D.O. | § § | SA-08-CV-0362 NN |
| Defendant, | § § | |
| ************************************** | § | |
| RICHARD D. HOLLIS, D.O., | § § | |
| Counter Plaintiff, | § § | |
| v. | § § | |
| UNITED STATES OF AMERICA, | § § | |
| Counter Defendant. | § | |

### ORDER DISMISSING COUNTER-CLAIM

This order addresses the motion[1] filed by plaintiff/counter-defendant the United States of America (the government), asking for dismissal of the counter-claim filed by defendant/counter-plaintiff Richard D. Hollis. The government asks for dismissal under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. After careful consideration, I find the motion has merit and should be granted for the following reasons.

The first reason that Hollis's counter-claim should be dismissed is because the court lacks jurisdiction. Hollis's counter-claim raises two claims for relief, both based on consumer law. In Count One, Hollis alleges that his student loans are illegal, voidable, and unenforceable due to various alleged violations of Federal Trade Commission (FTC) regulations. Second, he alleges

---

[1]Docket entry # 13.

that the lender violated the Texas Deceptive Trade Practices and Consumer Protection Act (TDTPA) when it engaged in various allegedly deceptive trade practices. The government argues that these claims must be dismissed under Rule 12(b)(1) for lack of jurisdiction.[2] The government maintains the court lacks jurisdiction because the government has not waived its sovereign immunity.

Unless the government waives its sovereign immunity, it is immune from suit.[3] Waiver can occur by express consent set out by statute or by the institution of suit by the government.[4] The waiver, however, is limited and does not extend to claims which do not arise out of the same transaction or occurrence or which seek affirmative relief; rather, the waiver only allows a recoupment or setoff to the other party's claim which might reduce or defeat, but never exceed it.[5] "[I]mmunity is waived only up to the point that the counterclaims cancel out or otherwise defeat the government's claim."[6] The government contends that sovereign immunity has not been waived because Hollis seeks relief that is not in the nature of recoupment or setoff and because the damages Hollis seeks exceed those sought by the government. Hollis alleges that the original lender failed to provide an FTC Holder Notice under 16 C.F.R. 433.2 and he was not

---

[2] *See* Fed. R. Civ. P. 12(b)(1) (permitting a party to move for dismissal based on lack of subject matter jurisdiction).

[3] *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Armendariz-Mata v. U.S. Dep't of Justice, Drug Enforcement Admin.*, 82 F.3d 679, 682 (5th Cir. 1996).

[4] *See Frederick v. United States*, 386 F.2d 481, 488 (5th Cir. 1967).

[5] *See Frederick*, 386 F.2d at 488.

[6] *United States v. Sullivan*, No. CA 3-97-CV-0488-R, 1998 WL 223709, at *2 (N.D. Tex. Apr. 28, 1998).

informed of the actual amount of the loans when he signed the notes. Assuming such claims arise out of the same transaction as the one sued upon, Hollis's claims do not sound in recoupment or offset. Hollis seeks statutory, actual, and treble damages, along with attorney's fees, for these alleged damages. This is not the sort of recoupment or setoff relief envisioned by the limited waiver. "Recoupment is merely the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out [of] the very [matter] giving rise to the plaintiff's claim."[7] Hollis does not claim that he does not owe what the government claims he owes, but only that the lender's actions at the inception of the loans were unconscionable and deceptive. Hollis does not claim an offset for payments made—he does not claim that he has ever made a payment. He does not deny that he signed the promissory notes. Rather, he states that he signed the notes under "duress" because he could not otherwise afford to go to medical school. Finally, he does not complain about the quality of the education he received with the loans proceeds—*e.g.*, he does not complain that the services he received were not worth the cost of the services. Because Hollis seeks relief beyond recoupment or setoff and because he seeks damages that exceed those sought by the government, the government has not waived its sovereign immunity. Without a waiver of sovereign immunity, the court lacks jurisdiction over an action against the government. Consequently, the government is entitled to dismissal of Hollis's counter-claim.[8]

---

[7]*First Nat'l Bank of Louisville v. Master Auto Serv. Corp.*, 693 F.2d 308, 310 n.1 (4th Cir. 1982).

[8]*See In re Supreme Beef Processors*, 391 F.3d 629, 633 (5th Cir. 2004). *See also United States of America v. Colson*, No. Civ. A. H-04-3154, 2005 WL 2086174, at *3 (S.D. Tex. Aug. 29, 2005) (dismissing defendant's counter-claims for lack of jurisdiction because the government had not waived its sovereign immunity; plaintiff's counterclaims for declaratory judgment and attorney's fees were not counter-claims for recoupment).

The government also argues that Hollis's counter-claim should be dismissed because Hollis did not exhaust his administrative remedies under the Federal Tort Claims Act (FTCA). Under the FTCA, an administrative claim must be presented to and denied by the federal agency employing the person whose act or omission caused the injury.[9]  This requirement is a jurisdictional prerequisite to filing suit.[10]  Hollis's counter-claim includes allegations of unfair and deceptive practices, detrimental reliance, and misrepresentation.  The government presented an affidavit showing that Hollis never filed an administrative tort claim with the agency that made the student loans.  Even if Hollis had filed an administrative claim, allegations that the government committed fraud, misrepresentation, and/or failed to comply with FTC regulations would not be a basis for a substantive claim because such torts are specifically exempted from the FTCA.[11]  Thus, another reason exists why the court lacks jurisdiction.

The second reason Hollis's counter-claim should be dismissed is because Hollis's counter-claim fails to state a claim upon which relief may be granted.  The government maintains that Count I of Hollis's counterclaim should be dismissed under Rule 12(b)(6)[12] because the FTC regulations do not provide for a private cause of action.  In Count One, Hollis complains that the lender violated FTC regulations, primarily by not including an FTC Holder in Due Course Notice pursuant to 16 C.F.R. § 433.2.  Hollis may not seek to affirmatively enforce the regulation, as any

---

[9]*See* 28 U.S.C. § 2675(a).

[10]*See Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981).

[11]*See* 28 U.S.C. §§ 2680(a) and (h).

[12]*See* Fed. R. Civ. P. 12(b)(6) (permitting a party to move for dismissal for failure to state a claim upon which relief may be granted).

alleged violation does not give rise to a private cause of action, but only gives rise to enforcement by the FTC.[13] Because 16 C.F.R. § 433.2 does not provide Hollis with a private cause of action, Count I fails to state a claim upon which relief may be granted. The government is entitled to dismissal of Count I.

The government maintains that Count II of Hollis's counter-claim should be dismissed for failing to state a claim upon which relief may be granted because Hollis is not a consumer under the TDTPA. In Count Two, Hollis alleges violations of the TDTPA. The TDTPA provides consumers with a private cause of action for deceptive trade practices.[14] But Hollis is not a "consumer" such that he can invoke the protections of the TDTPA.[15] He did not seek goods or services from the original lender, but merely sought a loan so that he could go to school. He does not complain about the education he received. In a similar case, the District Court for the Northern District of Texas dismissed a TDTPA claim brought as a counter-claim to the

---

[13] *See Whittington v. Patriot Homes*, Nos. 06-1068 & 06-2129, 2008 WL 1736820, at *5 (W.D. La. Apr. 11, 2008) (stating that violation of 16 C.F.R. 433.2 does not give rise to a private cause of action); *Hancock v. HomEq Servicing Corp.*, No. 05-307, 2007 U.S. Dist. LEXIS 31051 (D.D.C. Apr. 27, 2007) (relying on *Williams v. Nat'l Sch. of Health Tech.* (below) to find that section 433.2 does not provide for a private cause of action); *Bartels v. Ala. Com. Coll.*, 918 F. Supp. 1565 (S.D. Ga. 1995) (explaining that only the FTC can enforce 16 C.F.R. 433.2); *Williams v. Nat'l Sch. of Health Tech.*, 836 F. Supp. 273, 283 (D. Pa. 1993) (determining that section 433.2 does not afford a private cause of action for student borrowers).

[14] *See* Tex. Bus. & Comm. Code Ann. § 17.50 (Vernon Supp. 2007).

[15] *See Walker v. F.D.I.C.*, 970 F.2d 114, 123 (5th Cir. 1992) ("A pure loan transaction lies outside the DTPA based on the logic that money is neither a good nor service."); *Maginn v. Norwest Mortgage*, 919 S.W.2d 164, 166 (Tex. App.—Austin 1996, no writ) ("For purposes of the DTPA, a loan is not a good or service ."); *Megason v. Red River Employees Fed. Credit Union*, 868 S.W.2d 871, 872 (Tex. App.—Texarkana 1993, no writ) ("To successfully prosecute a DTPA action, the plaintiff must be a consumer as defined in Section 17.45, and the goods or services acquired or sought in the transaction must form the basis of the plaintiff's complaint.").

government's suit on a defaulted student loan.  In explaining why it dismissed the counter-claim, the district court reasoned as follows:

> The TDTPA only applies to loan transactions where the goods or services purchased with the loans form the basis of the complaint.  Here, [the plaintiff's] claims have nothing to do with the education he purchased with the loans.  The TDTPA counterclaim is therefore dismissed.[16]

In like manner, Hollis is not claiming that the education he received was in any way deficient.[17] Because Hollis is not a consumer under the TDTPA, Count II fails to state a claim upon which relief may be granted.  The government is entitled to dismissal of Count II.

For the reasons explained in this order, I GRANT the government's motion to dismiss (docket entry # 13) and DISMISS Hollis's counter-claim.  I DENY Hollis's request to amend his counter-claim for the same reasons.

**SIGNED** on September 7, 2008.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[16] *United States v. Sullivan*, No. CA 3-97-CV-0488-R, 1998 WL 223709, at *2 (N.D. Tex. Apr. 1998).

[17] *See Craig v. Ameriquest Mortgage Co.*, No. Civ. A. H-04-3929, 2005 WL 2921947, at *4 (S.D. Tex. Nov. 4, 2005) (determining that plaintiff was not a consumer for the purposes of the TDTPA where he did not complain about the mortgaged property, but rather about the lender's loan requirements); *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 135 (Tex. App.—Corpus Christi 2001, no pet.) (explaining that the plaintiff was not a consumer under the TDTPA where he borrowed money in part to purchase cattle, but the cattle were not the basis of his complaint).