# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **RICHARD D. HOLLIS, D.O.** | § | **SA-08-CV-0362 NN** |
| | § | |
| **Defendant,** | § | |

## ORDER GRANTING SUMMARY JUDGMENT

This order addresses the motion for summary judgment filed by plaintiff United States of America (the government).[1]  The government sued defendant Richard D. Hollis to recover on promissory notes for unpaid student loans.  In the motion, the government maintains it is entitled to summary judgment because no genuine issue of material fact exists about the elements of its claim.  The government presented summary-judgment evidence to support its position.  Hollis did not respond to the motion within the time provided by the local rules for this district.[2]

"To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default."[3]  The government is entitled to summary judgment on its claim "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

---

[1]Docket entry # 26.

[2]*See* Local Rule CV-7(d) ("If any party opposes a motion, the respondent shall file a response and supporting documents as are then available within eleven (11) days of service of the motion. . . . If there is no response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed.").

[3]*United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).

material fact. . . ."[4]  The following summary-judgment evidence shows no genuine issue of material fact exists.

To show that Hollis signed the promissory notes, the government presented copies of two promissory notes—one for a loan for $16,292.00 and the other for a loan for $7,620.00—signed, "Richard D. Hollis."[5]  Although Hollis denied signing the promissory notes in his answer,[6] no serious question exists about whether he signed the notes.  Despite his denial, Hollis implicitly admitted signing the notes by alleging the signatures are "no longer bona fide" because "the amounts of the loans were forged onto the instruments after the signature"[7] and complaining that he was "induced into signing the instruments. . . ."[8]  In any event, the record contains no summary-judgment evidence raising a fact question about whether Hollis signed the notes.

To show the government is the present owner or holder of the notes, the government presented a declaration by Barry M. Blum—Chief , Department of Health and Human Services—attesting to the following: (1) Hollis received two Health Education Assistance Loan loans and executed two promissory notes, (2) funds were disbursed to Hollis by Household Bank, fsb, (3) the promissory notes were assigned to Brazos Finance Corporation, and (4) the promissory notes were subsequently assigned to the government.[9]  No summary-judgment evidence contradicts the declaration.

To show the notes are in default, the government presented a second declaration by Blum

---

[4]Fed. R. Civ. P. 56(c).

[5] Docket entry # 26, exh. B & E, attach. 2 & 4.

[6]Docket entry # 4, ¶ 2.

[7]*Id*. at. ¶ 3.

[8]*Id*. at ¶ 11.

[9]Docket entry # 26, exh. C.

attesting that Hollis made no payments on his loans and that Hollis owes the government $33,992.12 as of December 15, 2008, accruing interest at a rate of 4.75% per annum and a rate of $4.39 per day.[10]  The government also presented a certificate of indebtedness in which Blum explained to Hollis that the Pennsylvania Higher Education Assistance Agency purchased Hollis's notes, received assignments, and filed an insurance claim for $26,696.00 after Hollis failed to repay the loans.[11]  Blum explained that the loans were then assigned to the government, consolidated using the lowest interest rate allowable by law, and referred for collection.[12]  Blum explained that the principal amount of Hollis's debt is greater than the original amount borrowed because of the annual compounding of interest.[13]  No evidence shows that Hollis made payments on his loans.

Because the summary-judgment evidence demonstrates the absence of a genuine issue of material fact for trial and because Hollis did not raise a fact question precluding summary judgment, I GRANT the government's motion (docket entry # 26).

It is so **ORDERED**.

**SIGNED** on January 14, 2009.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[10]*Id*., exh. D.

[11]*Id*., exh. B.

[12]*Id*.

[13]*Id*.